ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 12, 2004

Shirley J. Neeley, Ed. D.
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0177

Re: Whether a school district may honor the current employment contract of a superintendent's relative whose original hiring violated chapter 573 of the Government Code (RQ-0175-GA)

Dear Commissioner Neeley:

You ask whether, in light of Attorney General Opinion GA-0123, a school district may honor the current employment contract of a superintendent's relative whose original hiring violated chapter 573 of the Government Code.[1]

Under section 573.041, no public official may appoint to a position compensated from public funds an individual related to the public official within the third degree by consanguinity or the second degree by affinity. *See* TEX. GOV'T CODE ANN. §§ 573.002, .041 (Vernon 1994); *see also id.* §§ 573.021-.025 (Vernon 1994 & Supp. 2004) (defining prohibited relationships by consanguinity and affinity). Based on a 1995 amendment to section 11.163 of the Education Code that authorized a school board to delegate to the superintendent "final authority" for personnel selection decisions (for personnel other than the superintendent), Attorney General Opinion GA-0123 concluded that, with respect to personnel selection, a school district superintendent to whom the school board has delegated such "final authority" is a "'public official' with appointment authority" for the purposes of section 573.041. Tex. Att'y Gen. Op. No. GA-0123 (2003) at 3; *see* TEX. EDUC. CODE ANN. § 11.163(a)(1) (Vernon 1996). Thus, a school district superintendent with final authority for personnel selection decisions may not appoint a person related to the superintendent within the third degree by consanguinity or the second degree by affinity. *See* Tex. Att'y Gen. Op. No. GA-0123 (2003) at 3.

You indicate that, before opinion GA-0123 was issued, some school district superintendents with final authority to select personnel under section 11.163 of the Education Code "hired relatives within the prohibited degrees." Request Letter, *supra* note 1, at 1. School districts generally enter written probationary, term, or continuing contracts with their employees. *See id.* at 1-2 (footnotes

---

[1]*See* Letter from Shirley J. Neeley, Ed. D., Commissioner of Education, Texas Education Agency, to Honorable Greg Abbott, Texas Attorney General, at 1 (Jan. 27, 2004) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

omitted); *see* TEX. EDUC. CODE ANN. § 21.002 (Vernon 1996) (requiring school districts to employ classroom teachers, principals, librarians, nurses, and counselors under three types of contracts); *id.* subchs. C, D, E (Vernon 1996 & Supp. 2004) (providing for probationary contracts, continuing contracts, and term contracts). You ask whether these school districts may "honor" these "current written employment contracts" with superintendents' relatives. *See* Request Letter, *supra* note 1, at 1.

When a superintendent exercising final authority selects a relative, the resulting employment contract violates section 573.041 of the Government Code and is, consequently, void *ab initio*. "Contracts made in direct violation of statutes are void." Tex. Att'y Gen. Op. No. O-793 (1939) at 3; *see McCreary v. Bay Area Bank & Trust*, 68 S.W.3d 727, 733 (Tex. App.–Houston [14th Dist.] 2001, pet. dism'd). Opinions of this office concluding that an employee whose contract did not violate the anti-nepotism statute when it was entered do not apply to the relatives of superintendents with final authority to select personnel under section 11.163 of the Education Code at the time the relatives were selected. *See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-132 (1992) at 6-7; JM-91 (1983) at 3; MW-286 (1980) at 2; Tex. Att'y Gen. LO-96-052, at 3; Tex. Att'y Gen. LA-70 (1973) at 2.[2] Consequently, the school districts may not honor the contracts.

Nevertheless, one point merits mention: if an employee hired in violation of Government Code section 573.041 has served out the term of the original contract, and the *school board* has renewed the contract, the renewal contract may be valid if the superintendent did not have final authority for the renewal decision. Section 11.163 of the Education Code suggests that a school board's delegation of final authority to the superintendent may be limited and that some employment decisions, such as renewals, may remain within the board's final authority. *See* TEX. EDUC. CODE ANN. § 11.163(a)(1) (Vernon 1996). Consequently, with respect to those employment actions, the board members, not the superintendent, may be the relevant public officials for nepotism purposes.

You also ask us generally to determine "the effective date that the superintendent is 'appointed' as . . . a 'public official'" for the purposes of determining the applicability of section 573.062 of the Government Code, the "continuous employment" exception. Request Letter, *supra* note 1, at 2; *see* TEX. GOV'T CODE ANN. § 573.062 (Vernon 1994). You state:

> We have assumed that the continuous employment exception that is applicable to superintendents is the 30-day provision i[n] Subsection 573.062(a)(2)(A) . . . . However, different parties have proposed to make that determination from the day of the superintendent's initial employment with the district, the date of a delegation to make final hiring decisions, the date of [GA-0123], or . . . some combination of those dates.

---

[2]*See also* Letter from Christopher B. Gilbert, Bracewell & Patterson, L.L.P., to Honorable Greg Abbott, Texas Attorney General, at 5-6 (Mar. 2, 2004) (on file with the Opinion Committee); Letter from Joey W. Moore, Texas State Teachers Association, to Honorable Greg Abbott, Texas Attorney General, at 3 (Mar. 12, 2004) (on file with the Opinion Committee).

Request Letter, *supra* note 1, at 2.

Section 573.062(a) provides that section 573.041 "does not apply to an appointment . . . of an individual to a position" if the individual had been continuously employed in that position for a certain period of time "immediately before the . . . appointment of the public official to whom the individual is related in a prohibited degree." TEX. GOV'T CODE ANN. § 573.062(a) (Vernon 1994). The prior continuous employment must have been for

> (A) [thirty] days, if the public official is appointed;

> (B) six months, if the public official is elected at an election other than the general election for state and county officers; or

> (C) one year, if the public official is elected at the general election for state and county officers.

*Id.* § 573.062(a)(2). If an individual continues in a position under section 573.062(a), "the public official to whom the individual is related in a prohibited degree may not participate in any deliberation or voting on the . . . employment, reemployment, change in status, compensation, or dismissal of the individual if that action applies only to the individual." *Id.* § 573.062(b).

We agree that the continuous-employment time frame that applies to relatives of school district superintendents is the thirty-day period set out in subsection (A). A superintendent is not elected, so neither subsection (B) nor (C) applies. Rather, a superintendent is appointed by the school board, and subsection (A) applies to an appointed officer by its plain terms. *See id.* § 573.062(a); *see also id.* § 311.011(a) (Vernon 1998) (directing that statutory words and phrases "shall be . . . construed according to the rules of . . . common usage").

The date from which the thirty-day period must be calculated is, according to the statute, the "appointment of the public official to whom the individual is related." *Id.* § 573.062(a)(1) (Vernon 1994). The date is not the date opinion GA-0123 was issued, November 18, 2003. *See* Request Letter, *supra* note 1, at 2. As GA-0123 indicates, section 11.163 was amended in 1995 to permit a school board to delegate final personnel-selection authority. *See* Tex. Att'y Gen. Op. No. GA-0123 (2003) at 4. That amendment, not the opinion of this office, changed the applicability of the nepotism laws for those school districts that elect, in accordance with statutory authority, to delegate such authority to their superintendents. *Cf.* Tex. Att'y Gen. Op. Nos. GA-0159 (2004) at 5 (suggesting that enacting legislation is "typically the province of the legislature, not this office); JC-0550 (2002) at 5 (stating, with respect to statutory registration requirements for the owners of perpetual care cemeteries and crematories, "it is the province of the legislature to make exceptions").

Nor does this office have authority to waive the application of the anti-nepotism statute, extended in 1995 to all superintendents with final personnel-selection authority, to smaller, more

rural counties, as one brief urges.[3] The Legislature has opted for statewide application of its anti-nepotism statute, impacting large and small political subdivisions alike, and has enacted no across-the-board exception for smaller subdivisions. It is true that the Legislature has expressly said that the nepotism prohibitions of section 573.041 do not apply to the "appointment or employment of a bus driver" by a district located in a less populated county—or, for that matter, to the "appointment or employment of a substitute teacher" in any district, regardless of population—but the exception for bus drivers in less populated counties is, by its terms, inapplicable to all other school district personnel. *See* TEX. GOV'T CODE ANN. § 573.061(4), (6) (Vernon Supp. 2004). In short, the Legislature has determined to limit these safe harbors to certain employees, and such legislative judgments, unless unconstitutional, must be honored.

With respect to a school district superintendent, the date of appointment contemplated in section 573.062(a)(1) of the Government Code applies only if the superintendent's position was that of a "public official" when the superintendent was appointed. If, when the superintendent was appointed, the school board had already delegated final authority to select personnel under section 11.163 of the Education Code, the superintendent was a public official at that moment. An employee related to such a superintendent (other than an employee whose position is excepted under section 573.061 of the Government Code) must have been continuously employed for thirty days prior to that date to qualify for the continuous-employment exception. On the other hand, if the school board delegated final authority to select personnel to the superintendent at some time after the superintendent's appointment, the superintendent became a public official for purposes of chapter 573 of the Government Code only when he or she received that final authority and thereby became a public official. In that case, an employee related to the superintendent must have been continuously employed for thirty days prior to the date the superintendent received the final authority to select personnel under section 11.163 of the Education Code.

---

[3]*See* Letter from Kristopher Alan Mathis, Administrative Assistant, Snook Independent School District, to Nancy S. Fuller, Chair, Opinion Committee, Office of the Attorney General, at 3 (Feb. 23, 2004) (on file with the Opinion Committee).

## S U M M A R Y

An original, unrenewed contract between a school district and an employee appointed by a superintendent with final authority to select personnel under section 11.163 of the Education Code and related to the superintendent within a prohibited degree violated section 573.041 of the Government Code at the time it was made and is void. With respect to renewed contracts, however, the school board members may be the relevant public officials for nepotism purposes.

For the purposes of calculating the appropriate date for the applicability of the continuous-employment exception to section 573.041, a school district superintendent with final authority to select personnel is an appointed public official. *See* TEX. GOV'T CODE ANN. § 573.062(a)(2)(A) (Vernon 1994). Thus, an employee related to the superintendent within a prohibited degree must have been continuously employed in that position for thirty days immediately prior to the superintendent's appointment, if the superintendent had the final authority upon appointment, or, if not, for thirty days prior to the date on which the superintendent received that authority.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee